BOARD OF EDUCATION, TOWNSHIP OF BRANCHBURG, SOMERSET COUNTY, PETITIONER-RESPONDENT, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BRANCHBURG, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1983—Decided January 18, 1983.

Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.

*Mark S. Anderson* argued the cause for appellant (*Woolson, Guterl, Sutphen & Anderson,* attorneys).

*William B. Rosenberg* argued the cause for respondent (*Blumberg & Rosenberg,* attorneys).

No appearance was made on behalf of the State Board of Education (*Irwin I. Kimmelman,* Attorney General of New

Jersey, attorney for State Board of Education; *Regina Murray Mahoney,* Deputy Attorney General, on statement in lieu of brief).

The opinion of the court was delivered by

BISCHOFF, P.J.A.D.

The chief issue presented by this appeal is whether a township committee, in its review of the proposed budget of a board of education after rejection of the budget by the electorate, may reach and consider items of income anticipated by the board. We hold that it may.

On April 7, 1981 the electorate of the Township of Branchburg rejected the school budget proposed by the township board of education (board). Pursuant to *N.J.S.A.* 18A:22–37, the township committee (committee) consulted with the board and (1) reduced line items in the budget, (2) increased the estimate of anticipated income and (3) increased the estimate of the unappropriated balance on hand, thus reducing the amount to be raised by taxation.

The board filed a petition of appeal to the State Commissioner of Education (Commissioner). The matter was referred to an administrative law judge (ALJ) for hearing and decision. Evidence presented at the hearing disclosed that the disputed reduction in line items related to the board's library program.

The committee contended that the board had understated its anticipated interest income by $32,000, and it increased that item in the proposed budget. Evidence presented at the hearing indicated that the probable interest income for the years 1981–82 would be at least $76,000. Only $20,000 was reflected in the board's proposed budget. At the hearing the board took the position that this additional revenue would be needed since it was aware that the budget underestimated expenses to be incurred for heat and pupil transportation.

The committee also contended at the hearing that the board had understated the unappropriated balance on hand (surplus)

by $30,000, and it therefore increased that item in the budget by that amount. Evidence presented at the hearing indicated that $25,000 was being carried as a contingent fund to defray costs of a possible residential placement and a consequent transfer of liability from Division of Youth and Family Services to the board.

The ALJ found and recommended that (1) cuts in the line items relating to the library be restored in full; (2) the board did understate its anticipated interest income by $32,000 and that sum should be added to the budget, thus increasing the miscellaneous revenues to $52,000, and (3) the additional amount of $30,000 should be added to the unappropriated expense balance, and that course of action would not harm the standard of education to be delivered by the board.

The Commissioner adopted the recommendations of the ALJ respecting the restoration of cuts in line items but rejected his recommendations respecting the items of anticipated income and the invasion of surplus because (1) fluctuation in economic conditions made anticipation of costs difficult and (2) the Commissioner found no authority for the committee to reach into the board's source of revenues and unappropriated free balances so as to offset anticipated regular expenses.

The State Board of Education affirmed. This appeal by the committee followed.

The committee first argues that since there was testimony that the committee's cuts in the line items "would not prevent the Board from providing the State-mandated thorough and efficient education, those cuts should have been upheld."

We disagree. There was ample evidence presented to demonstrate that the reduction would seriously affect a library program well into its third year of development. The committee was not even aware that there was an existing developing library program when it made the cuts, and a committee member testified it was the desire of all committee members not to reduce any existing program. The reductions in the line items

relating to the library made by the committee were arbitrary and were properly restored by the Commissioner and the State Board. *East Brunswick Tp. Bd. of Ed. v. East Brunswick Tp.,* 48 *N.J.* 94, 106–107 (1966).

█ The main thrust of this appeal is a challenge to the ruling of the Commissioner and the State Board that the actions of the committee in reviewing a proposed budget pursuant to *N.J.S.A.* 18A:22–37 is limited to a consideration of the line items contained in the current expense budget which was rejected by the voters. The Commissioner took the position that an increase in anticipated income or reduction in surplus by the committee constitutes, not a reduction in expenses as contemplated by *N.J.S.A.* 18A:22–37, but a reduction in revenue and that increase falls outside the authority conferred by the statute.

This view of the duty and power of a committee when reviewing a proposed school budget that has been rejected by the voters is entirely too narrow. *N.J.S.A.* 18A:22–37 provides, in pertinent part, as follows:

18A:22–37. Determination by municipal governing body where items rejected at election; notice of intent to appeal.

If the voters reject any of the items submitted at the annual school election, the board of education shall deliver the proposed school budget to the governing body of the municipality, or of each of the municipalities included in the district within 2 days thereafter. The governing body of the municipality, or of each of the municipalities, included in the district shall, after consultation with the board, and by April 18, determine the amount which, in the judgment of said body or bodies, is necessary to be appropriated, for each item appearing in such budget, to provide a thorough and efficient system of schools in the district, and certify to the county board of taxation the totals of the amount so determined to be necessary for each of the following:

a. Current expenses of schools;

b. Vocational evening schools or classes;

c. Evening schools or classes for foreign-born residents;

d. Appropriations to capital reserve fund; or

e. Any capital project, the cost whereof is to be paid directly from taxes; which amounts shall be included in the taxes to be assessed, levied and collected in such municipality or municipalities for such purposes.

The ultimate purpose of the certification to the county board of taxation is to provide for raising the net amount required to

operate the schools for the ensuing year by means of taxation. Determination of that figure cannot be made by a simple addition of the approved current expense items. Such a review must also involve a consideration of funds available from other sources to defray the necessary costs. To hold otherwise would permit a board that understates its income to spend public funds in excess of its approved budget.

The responsibility imposed upon a committee to review a budget rejected by the electorate by *N.J.S.A.* 18A:22–37 and determine the amount which is necessary to be appropriated must, of necessity and by implication, *N.J. Const.* (1947), Art. IV, § VII, par. 11, include the power to consider the budget as a whole, not only the items of expense but also items of potential income. Lacking such power, the committee could not possibly certify the amount required to be raised by taxation to operate the schools.

■ It is clear that a board has an obligation to account for surplus funds and investment income in planning its budget for the ensuing year. *Cf. Fair Lawn Bd. of Ed. v. Fair Lawn,* 143 *N.J.Super.* 259, 273 (Law Div.1976), aff'd o.b. 153 *N.J.Super.* 480 (App.Div.1977). The determination to be made by the committee mandated by *N.J.S.A.* 18A:22–37 is quite obviously to provide control over the expenditures to be made by a school board and the amount to be raised by taxation. Restricting the committee's review to line items would not provide control over either.

What we have said with respect to items of anticipated income applies with equal force to the board's allocation of its unappropriated free balance. We hold that in both instances the committee may consider the items in its budget review and in reaching its determination as to the amount required to be raised by taxation. Its action is, of course, subject to review by the Commissioner and by the State Board for "procedural or substantive arbitrariness." *East Brunswick Tp. Bd. of Ed. v. East Brunswick Tp., supra,* 48 *N.J.* at 106–107.

Since the State Board and the Commissioner used the incorrect legal standard in reviewing the actions of the committee, we find it necessary to remand the matter to the State Board for reconsideration and further proceedings consistent with this opinion. We observe that the issues before us relate to the budget for years 1981–82 and they may very well be moot. We leave that determination to the parties and to the State Board of Education.

We do not retain jurisdiction.